UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY JOY KIRKENDALL, WESLEY SNYDER, BARBARA CAYA, and BONNIE SETH on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

HALLIBURTON, INC., HALLIBURTON RETIREMENT PLAN, and DRESSER INDUSTRIES, INC. CONSOLIDATED RETIREMENT PLAN,

    Defendants.

Case No. 1:07-CV-0289

Judge Skretny

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendants Halliburton Company (incorrectly identified by Plaintiffs as "Halliburton, Inc.; hereinafter "Halliburton"), Halliburton Retirement Plan ("Halliburton Plan"), and Dresser Industries, Inc. Consolidated Retirement Plan ("DICON Plan"; all three collectively referred to as "Defendants") present the following Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Kathy Joy Kirkendall, Wesley Snyder, Barbara Caya, and Bonnie Seth ("Plaintiffs").

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

2. Defendants admit that their records reflect that Plaintiffs reside in or about Cattaraugus County, New York, which sits within the Western District of New York judicial district as is defined by 28 U.S.C. § 112(d). Defendants do not know what Plaintiffs mean by

"the majority of the Class" and, as a result, are without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint; to the extent that any response is deemed to be required, those remaining allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

4. The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

## PARTIES

5. Defendants admit that their records reflect that Plaintiff Kirkendall resides at the address listed in Paragraph 5 of the Complaint.

6. Defendants admit that their records reflect that Plaintiff Snyder resides at the address listed in Paragraph 6 of the Complaint.

7. Defendants admit that their records reflect that Plaintiff Caya resides at the address listed in Paragraph 7 of the Complaint.

8. Defendants admit that their records reflect that Plaintiff Seth resides at the address listed in Paragraph 8 of the Complaint.

9. Defendants admit that Halliburton Company is a Delaware corporation with offices at 1401 McKinney Street, Suite 2400, Houston, Texas.

10. Defendants admit that the Halliburton Plan is an employee pension benefit plan as defined in ERISA and, as such, contains available remedies for redress of benefit claims that are denied in whole or in part. The Halliburton Plan (including all amendments thereto) is attached

to this Answer as Exhibit A; the Claims Procedures that are incorporated by reference into the Halliburton Plan by Halliburton Plan amendment 4 are attached to this Answer as Exhibit D.

11.	Defendants admit that the DICON Plan is an employee pension benefit plan and that, effective December 31, 2001, the DICON Plan was merged into the Halliburton Plan pursuant to a merger document dated November 30, 2001, the contents of which speaks for itself. The DICON Plan (including all amendments thereto) is attached to this Answer as Exhibit B, the merger document dated November 30, 2001 is attached hereto as Exhibit C, and the Claims Procedures that are incorporated by reference into the DICON Plan by DICON Plan amendment 5 (dated December 26, 2002; part of Exhibit B) are attached to this Answer as Exhibit D.

## FACTUAL AVERMENTS

12.	Defendants admit that their records reflect that Dresser-Rand Company, a general partnership, was formed on or about December 31, 1986 upon execution of a Partnership Agreement between Ingersoll-Rand Company and Dresser Industries, Inc., the terms of which were modified by an Amended and Restated Partnership Agreement between Ingersoll-Rand Company and Dresser Industries, Inc. dated October 1, 1992. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.	The allegations contained in Paragraph 13 of the Complaint seek to characterize and/or paraphrase, in whole or part, the DICON Plan. The DICON Plan (including amendments thereto) speaks for itself, and Defendants therefore deny such allegations.

14.	Defendants admit that Halliburton acquired Dresser Industries, Inc. on September 29, 1998. The remaining allegations in Paragraph 14 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

15. Defendants admit that, effective December 31, 2001, the DICON Plan was merged with and into the Halliburton Plan pursuant to a merger document (Exhibit C, attached hereto) dated November 30, 2001, the contents of which speaks for itself. The remaining allegation in Paragraph 15 that "the Halliburton Plan became the successor to the Dresser Plan" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

16. The allegations contained in Paragraph 16 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

17. The allegations contained in Paragraph 17 of the Complaint seek to characterize and/or paraphrase, in whole or part, the DICON and Halliburton Plans. Both Plans (including amendments thereto) speak for themselves, and Defendants therefore deny such allegations.

18. Defendants admit that Halliburton sold its interest in Dresser-Rand Company to Ingersoll Rand on February 28, 2000. The remaining allegations contained in Paragraph 18 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

19. Defendants are without sufficient information to admit or deny whether Dresser-Rand "continued to operate the same business, under the same name, at the same locations, with the same employees performing the same jobs"; to the extent that any response is deemed to be required, those allegations are denied. The remaining allegations contained in Paragraph 19 of the Complaint state conclusions of law to which no response is required. To the extent that any response is deemed to be required, those allegations are denied.

20. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint; to the extent that any response is deemed to be required, those allegations are denied.

21. Defendants' records reflect that none of the Plaintiffs have asserted claims for benefits pursuant to either the Halliburton or DICON Plans' remedies for redress of claims that are denied in whole or part and, as a result, Defendants do not know what Plaintiffs mean by their allegation in Paragraph 21 of the Complaint that Halliburton has taken the position that sale of its interest in Dresser-Rand to Ingersoll had the effect of terminating the existence of Dresser-Rand, and thereby terminating the employment of all Dresser-Rand employees as of March 1, 2000. To the extent that any response to the allegations contained in Paragraph 21 of the Complaint is deemed to be required, those allegations are denied.

22. Defendants do not know to whom Plaintiffs refer when they say "members of the Class" and, as a result, are without information to admit or deny the allegations contained in Paragraph 22 of the Complaint; to the extent that any response is deemed to be required, those allegations are denied.

23. The allegations contained in Paragraph 23 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

24. The allegations contained in Paragraph 24 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

25. The allegations contained in Paragraph 25 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

26. Defendants admit that Plaintiffs purport to bring claims "on behalf of a class consisting of all persons who were employed by Dresser-Rand on March 1, 2000 and were participants in the Dresser Plan, and the estates and designated beneficiaries of such persons," but deny that class adjudication is appropriate.

27. After reasonable investigation, Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 27 of the Complaint that Plaintiffs' proposed class consists of "at least several hundred persons"; to the extent that any response is deemed to be required, that allegation is denied. The remaining allegations contained in Paragraph 27 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

28. The allegations contained in Paragraph 28 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

29. The allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

30. The allegations contained in Paragraph 30 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

31. The allegations contained in Paragraph 31 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

32. The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

33. Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated here.

34. The allegations contained in Paragraph 34 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

35. The allegations contained in Paragraph 35 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

36. Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated here.

37. The allegations contained in Paragraph 37 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

38. Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated here.

39. The allegations contained in Paragraph 39 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

40. The allegations contained in Paragraph 40 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

41. Defendants incorporate their responses to Paragraphs 1 through 25 as if fully restated here.

42. The allegations contained in Paragraph 42 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

43. The allegations contained in Paragraph 43 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

44. The allegations contained in Paragraph 44 of the Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

**PRAYER FOR RELIEF**

Defendants expressly deny that Plaintiffs or their proposed class are entitled to any of the relief that they demand in the **"WHEREFORE"** paragraph that follows Paragraph 44 of the Complaint. Accordingly, Defendants request that the Court enter judgment in their favor and award the costs, attorney fees, and other appropriate relief.

To the extent that any of Plaintiffs' allegations contained in their Complaint have not heretofore been admitted or denied by Defendants, they are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative and/or pension plan remedies and are unable to establish that exhaustion would have been futile.

## FOURTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims fail to the extent that they fail to assert a ripe, justiciable case or controversy.

## FIFTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims fail to the extent that they assert moot claims.

## SIXTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' requested relief (including but not limited to their request for compensatory damages) is not available under the statute at issue.

### NINTH AFFIRMATIVE DEFENSE

53. Plaintiffs' alleged damages are speculative and, in many instances, are unavailable as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

54. This case is not appropriate for class treatment to the extent that, as a matter of law, a class action is *inferior* to other available methods for the fair and efficient adjudication of the controversy.

### ELEVENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims fail to the extent that they seek to be unjustly enriched.

### TWELFTH AFFIRMATIVE DEFENSE

56. This case is not appropriate for class treatment to the extent that, as a matter of law, common questions of law and fact *do not* predominate over any questions affecting only individual Class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims fail to the extent that benefits sought are wholly contingent, the contingency did not occur and therefore those benefits are not protected by ERISA Section 204(g).

### FOURTEENTH AFFIRMATIVE DEFENSE

58. Defendants complied with all fiduciary requirements as set forth in ERISA.

### FIFTEENTH AFFIRMATIVE DEFENSE

59. To the extent that Plaintiffs seek a jury trial, they are not entitled to one.

### SIXTEENTH AFFIRMATIVE DEFENSE

60. Plaintiffs are not appropriate class representatives.

### SEVENTEENTH AFFIRMATIVE DEFENSE

61. Plaintiffs cannot assert a violation of ERISA § 204(g) because they allege no amendment or modification to the Plan within the meaning of that provision.

### EIGHTEENTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims fail to the extent that they have cashed out lump sum benefits and, as a result, no longer are pension plan participants with standing to sue.

### NINETEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims fail to the extent that they assert claims pre-empted by ERISA.

### TWENTIETH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims fail to the extent that they are barred in whole or in part by application of ERISA Section 409(b).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Plaintiffs' claims fail to the extent that they are barred in whole or in part because Defendants are not fiduciaries.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Plaintiffs' claims fail to the extent that they are barred in whole or in part because of the doctrines of estoppel, acquiescence, or ratification.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

67. Plaintiffs' claims fail to the extent that they are barred in whole or in part because they lack standing.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims fail to the extent that they are barred in whole or in part because of the doctrine of release.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

69. This case is not appropriate for class treatment to the extent that, as a matter of law, Plaintiffs have *not* secured the representation of attorneys who are skilled and knowledgeable in pursuing litigation of this kind.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

70. This case is not appropriate for class treatment to the extent that, as a matter of law, there are *not* questions of law and fact common to the Class.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

71. This case is not appropriate for class treatment to the extent that, as a matter of law, Plaintiffs' claims are *not* typical of those of the Class.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

72. This case is not appropriate for class treatment to the extent that, as a matter of law, Plaintiffs will *not* fairly and adequately represent the interests of the Class.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief requested in the Complaint. Accordingly, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs and fees, and grant such other and further relief as the Court deems just and proper.

Dated: July 23, 2007
      Buffalo, New York

                PHILLIPS LYTLE LLP

                By:  s/ Paul K. Stecker
                       Paul K. Stecker, Esq.

Suite 3400, One HSBC Center
Buffalo, New York 14203-2887
(716) 847-8400
pstecker@phillipslytle.com

JONES DAY

Steven J. Sacher, Esq.*
51 Louisiana Avenue, NW
Washington, D.C. 20001
202-879-3939
sjsacher@jonesday.com
*pro hac motion pending*

James S. Urban, Esq.*
500 Grant Street, Suite 3100
Pittsburgh, PA 15219
412-391-3939
jsurban@jonesday.com

*\* Pro Hac Vice*
  *Motions Pending*              Attorneys for Defendants


TO:
Jules L. Smith, Esq.
Office and P.O. Address
The Powers Building, Suite 207
16 West Main Street
Rochester, New York 14614-1601